Argued October 22, reversed and remanded with instructions
December 15, 1975

# OREGON CITY FEDERATION OF TEACHERS, *Petitioner, v.* PUBLIC EMPLOYE RELATIONS BOARD ET AL (No. C-358, CA 4820), *Respondents.*

543 P2d 297

*Don S. Willner,* Portland, argued the cause for petitioner. With him on the brief were Willner, Bennett, Riggs & Skarstad, Portland.

*Edward P. Heid,* Eugene, argued the cause for respondent Oregon City Education Association. With him on the brief were Kulongoski, Heid, Durham & Drummonds, Eugene.

No appearance for respondent Public Employe Relations Board.

No appearance for respondent Oregon City School District No. 62.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

Petitioner initiated an unfair labor practice charge before the Public Employe Relations Board and now appeals from the Board's adverse decision.

ORS 243.672(1)(f) makes it an unfair labor practice for a labor organization to "fail to comply with any provision of ORS 243.650 to 243.782." One of the statutes included in that cross-reference, ORS 243.650(10), defines "fair-share agreement" as

"* * * an agreement between the public employer and the recognized or certified bargaining representative of public employes whereby employes who are not members of the employe organization are required to make an in-lieu-of-dues payment to an employe organization. *Such agreement shall reflect the opinion of a majority of the employes in the bargaining unit.*" (Emphasis supplied.)

*See also,* ORS 243.650(16).[1]

The questions presented involve interpretation

---

[1] " 'Payment-in-lieu-of-dues' means an assessment of all employes in an appropriate bargaining unit to defray the cost for services by the exclusive representative in negotiations and contract administration as determined by the board." ORS 243.650 (16).

of the last sentence of ORS 243.650(10). Does it contemplate that "the opinion of a majority" can only be ascertained by a formal vote, or are less formal procedures permissible? Does it require that "the opinion of a majority" must be separately determined, or can a fair-share provision be voted upon as part of the employe approval of an entire collective bargaining agreement?

This is basically a dispute between a majority and a minority labor organization. A substantial majority of the teachers employed by Oregon City School District No. 62 are members of Oregon City Education Association, and the Association is the certified bargaining agent on behalf of all the District teachers. A minority of the teachers are members of the rival Oregon City Federation of Teachers, petitioner in this case.

In April 1974 the Association and the School District completed negotiations on a collective bargaining agreement. This agreement included a fair-share provision which required District teachers who were not members of the Association to pay the equivalent of Association dues.[2]

The Association leadership submitted the entire negotiated agreement to a vote of all District teachers for their ratification or rejection. Of 290 District teachers, 153 voted to ratify, and 47 voted to reject.

The Federation then initiated this proceeding challenging the conduct of the election in numerous particulars. The PERB finding of no unfair labor practice included the following conclusions of law:

"3. The choice of determining how approval

[2] Under ORS 243.650(16), n 1, supra, fair-share agreements can only require payment of "the cost for services by the exclusive representative in negotiations and contract administration as determined by the board." No question is raised in this case at this time about this "cost for services."

of a fair share is accomplished is at the option of the exclusive bargaining representative of the members of the bargaining unit [i.e., here the Association].

"4. Once a plan is adopted, the exclusive bargaining representative must adhere to some procedure which in fact reflects the opinion of the majority of the bargaining unit members, on the issue of approval or disapproval of fair share.

"5. There is no statutory nor regulatory prohibition against ratifying the entire collective bargaining agreement package with a stated amount or formula for fair share included as part thereof.
"*    *    *    *    *

"7. The election process meets only minimal standards of fairness."

■ Without pausing to try to decipher the intended meaning of PERB's conclusion number 7, we turn to the issue raised by conclusion's number 3 and 4: Does ORS 243.650(10)'s requirement of a reflection of "the opinion of a majority" require a formal vote on a negotiated fair-share provision? We hold that it does not.

To repeat, the last sentence of ORS 243.650(10) reads: "Such [fair-share] agreement shall reflect the opinion of a majority of the employes in the bargaining unit." If the legislature had intended that approval of a fair-share agreement had to be by way of a formal vote, it could not have selected more imprecise language to express that intent. In other parts of the public employes' collective bargaining law, such as ORS 243.682-243.686, the legislature spelled out detailed election procedures in other contexts. It did not do so in ORS 243.650(10). Instead, it chose elastic words like "reflect" and "opinion." The ordinary definitions of these words could encompass numerous methods of showing majority sentiment other than a formal vote.

Therefore, we agree with PERB's interpretations of ORS 243.650(10) to the extent that it held that the selection of a fair-share ratification procedure is for the exclusive bargaining agent and need only be some procedure which reasonably reflects the opinion of the majority of the bargaining unit members.

The remaining question involves PERB'S conclusion number 5; whether the fair-share agreement must be *separately* put before the bargaining unit members regardless of the exact procedures employed. To illustrate the problem, in this case the entire collective bargaining agreement was voted upon by the teachers. The only ballot choices were to approve the entire agreement, including the fair-share provision, or reject the entire agreement. There was no way a teacher could vote against the fair-share provision and for the balance of the agreement.

Analogies from the legislative and executive branches of government further illustrate the problem. Some legislatures, such as the United States Congress, permit a relatively unpopular bill to be attached by amendment as a "rider" to a relatively popular bill, leaving the legislators with the dilemma of whether they want to take the bitter with the sweet. Some chief executives, such as the United States President, do not have the power of the item veto, at times creating the same dilemma.

In this case, both sides present substantial policy arguments for and against *separate* approval, in whatever form, of a fair-share provision that is one component of a much larger negotiated collective bargaining agreement. But our task is not to choose the better position on this question; it is to try to deduce which position the legislature adopted in the imprecise language of ORS 243.650(10).

■ Labor law in the private sector leaves the means of contract ratification to the discretion of the exclusive representative. Although it might be rare, it would be legal for a union's leadership to ratify a contract without any form of consultation with the general membership. Likewise, Oregon's public sector labor law, ORS ch 243, generally leaves the means of contract ratification to the discretion of the exclusive representative.

■ The only exception is stated in ORS 243.650(10) —the implementation of a fair-share agreement requires some form of consultation with the members of the bargaining unit. Given that the legislature has singled out only one issue and required consultation thereon, it seems more likely to us that the legislature intended that opinion on this single issue be expressed separately, akin to the item veto. We therefore hold that ORS 243.650(10) requires that regardless of the other procedures employed in ascertaining majority opinion on a fair-share agreement, this question must be submitted to the members of the bargaining unit separately.

Reversed and remanded for further proceedings consistent with this opinion.